## UNITED STATES v. LEWIS.
### Crim. A. No. 9100.

United States District Court
N. D. Texas, Fort Worth Division.

July 20, 1953.

Cavett S. Binion, Asst. U. S. Atty. for Northern District of Texas, presented the motion.

No other counsel appeared.

DAVIDSON, District Judge.

We have before us a motion of the Assistant United States District Attorney for the Northern District of Texas filed upon the direction and advice of a United States Assistant Attorney General seeking action on part of the Court to impose sentence in the above entitled case which has heretofore been withheld.

Heretofore on the 21st day of May 1951, there came on to be heard in the Fort Worth Division of the Northern District of Texas three indictments: No. 9100, No.

9102, and No. 9112. The first of these three cases, the one now involved in this motion, was an indictment transferred to this court from the State of New Jersey under the provisions of Rule 20, 18 U.S. C.A.

Defendant, after being duly advised, entered his plea of guilty in all three cases. In the two later cases, the Court imposed a sentence of five years each to run concurrently. In the first of these cases, the one transferred from New Jersey, the plea of guilty was accepted, but no sentence imposed, the sentence being expressly withheld.

We have found through the years that withholding a sentence in certain cases is a very valuable part or adjunct to probation and we have found it very helpful. In cases of a juvenile, for instance, we may withhold the imposition of sentence and later dismiss the case. Then in after years when he has become a man of probity and standing there is nothing against his record. We have found it also useful in dealing with hardened criminals, repeaters, where they are on trial for several cases. Thus, the defendant is conscious that the judge is withholding sentence, which he may impose, and it helps the defendant to stand upright. We have had defendants of a vicious type to jump on court attendants in physical combat in the Federal Building just as they were leaving the hall. A mere imprisonment for contempt is no punishment, because they are already under a prison sentence and the judge has no means at command to hold them in check for such doings. Again, we have had them to strike the Marshal or officers of the court, or to break jail, or set their beds on fire and destroy property, creating prison riots. When they have a sentence unimposed hanging over them they ordinarily do not perform any of these acts and through the years we have found this a most helpful practice. We feel that it is authorized by the probation statute, Title 18 U.S.C.A. § 3651.

This defendant was sent to Leavenworth where he made good. The motion now before us would require that we send for the defendant and let the Marshal escort him from Leavenworth at government expense, thus occasioning four trips for the Marshal and two for the defendant.

If the defendant were returned to New Jersey, the seat of the original indictment, we doubt if the judge there would impose further sentence upon him. And, moreover, defendant has subjected himself to the jurisdiction of this Court, was arraigned, and plead guilty to the indictment. Jeopardy has attached, barring further prosecution.

If the Marshal brings him to Texas, can the Court in good conscience impose further punishment? Then to what end should the expense, six trips, of transporting this defendant and the Marshal to and from Leavenworth be incurred?

Without finding fault of anybody in our great government, we can at least take judicial knowledge of the things round about us. Our government is operating in the red. Coming more closely home, this Court's pay for hotel and travelling expenses for the past month while holding court away from home was held up for the want of funds. The Court's official family were likewise delayed in their payments for the want of funds. The probation officers of this District have been kept at home for a great part of the season instead of making the usual rounds for the want of funds. Repeatedly requests come from the Administrative Office of the United States Courts to save money in travelling and particularly to hold down jury expenses, and we do that. We have appointed commissioners to hear land condemnations in order that the jury fees may be lessened. We have worked juries overtime in order not to have them come back another day. We have driven lawyers hard through their trials in order to get in one more jury case during the week in order that the jury might not be brought back the following week. Yet the total cost of jury service throughout the nation, as we are advised, would hardly equal 5¢ per capita. We are with the administrator for every saving, though small. "Thrift is virtue and waste is prodigal."

Inasmuch as we fail to see any reason why this expense should be incurred, we feel impelled to deny the motion.

514

Viewing the letter of the law applicable hereto as well as the spirit and purpose thereof, we find Rule 20 of the Federal Rules of Criminal Procedure:

"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing * * * that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested * * *."

The above conditions were met and the defendant came thereby under the jurisdiction of the Court of the Northern District of Texas.

Rule 32(e), Federal Rules of Criminal Procedure:

"After conviction of an offense not punishable by death or life imprisonment, the defendant may be placed on probation as provided by law."

Then what is the law so made and provided? Title 18, § 3651:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court * * * when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

The Court deems it best not to impose additional imprisonment but to suspend a $1 sentence and place the defendant on probation for one day. And since the one day's probation relates to matters of supervision, there is no occasion for his transportation here to be supervised one day by the probation officers.

This probation is not unseasonable nor has there been any unreasonable delay since the defendant has been in prison and the delay has deprived him of no right or privilege or placed any burden upon the government and is not in contravention of the wording of the statute.

Indeed we think that his case might be dismissed without doing violence to the law or to the rights of the defendant.

Judgment will be entered in accordance herewith.